UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
MOHAMMED KEITA,

                Plaintiff,

-against-

FEMA, STATE FARM FIRE INSURANCE, J.O.
MORGAN BANK, COMMERCE BANK, N.A.,
and the CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------ x

MEMORANDUM & ORDER

17-cv-885 (ENV) (ST)

VITALIANO, D.J.

On October 31, 2017, the Court dismissed *pro se* plaintiff Mohammed Keita's original complaint in this action, under 28 U.S.C. § 1915(e)(2)(B)(ii). But, with leave to file a rule-complaint amended complaint. He then filed an amended complaint against defendants Federal Emergency Management Agency ("FEMA"), State Farm Fire Insurance ("State Farm"), JPMorgan Chase Bank ("Chase"), Commerce Bank, N.A. ("Commerce"), and the City of New York, on November 27, 2017. *In forma pauperis* status is granted for the purposes of this order. Keita's amended complaint, though, is now dismissed. The reasons follow.

### Background

In his amended complaint, Keita alleges that there is diversity jurisdiction, with no factual explanation. Dkt. No. 25 at 11. The complaint advances what can best be termed as a breach of contract claim against FEMA and State Farm Insurance; a negligence claim against Chase; a fraudulent transfer claim against Commerce and State Farm; and a property damage claim against the City, resulting from its failure to properly maintain the sewer system, causing, to the detriment of his home, water levels to rise during Hurricane Sandy. *Id.* For this plaintiff, hardly a new complaint.

1

Discussion

The complaint, it is evident, falls far short of the requirements of plausible pleading repeatedly explained to plaintiff.[1] Indeed, Keita offers no factual content, as case law demands, to show, or permit a reasonable inference, that an insurance contract was breached; that Chase somehow serviced his mortgage deficiently; that money was fraudulently transferred between parties; or that the City was responsible for the water damage to his home. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). This pleading is exactly what *Iqbal* warned against – an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964). What's more, Keita was expressly advised of what *Iqbal* and Rule 8 minimally demand. Simply put, the pleading offers no facts to allow the "defendant[s] to have a fair understanding of what [he] is complaining about and to know whether there is a legal basis for recovery." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

These shortcomings are fatal. Having had more than a few opportunities to cure these deficiencies, if there were actual facts permitting plaintiff to do so, further leave to amend is not warranted and will be denied. *See Terry v. Incorporated Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).

---

[1] Keita has brought a veritable bushel full of *pro se in forma pauperis* complaints over a decade. Nearly every complaint has been dismissed. He has been well-advised of the requirement to plausibly plead facts, the solicitude offered to the self-represented, and the court's obligation under § 1915 to ensure orderly justice and protect defendants in IFP actions from frivolous suits. Keita continues to ignore this advice. For the reasons stated at pages 2-3 in *Keita v. Bank of America*, 17-cv-877, slip. op. (August 5, 2018), the standards by which the amended complaint is reviewed will not again be stated but they, and the solicitude referenced there, are extended to him here.

## Conclusion

For the reasons discussed above, the complaint is dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to plaintiff, to enter judgment accordingly, and to close this case.

So Ordered.

Dated: Brooklyn, New York
August 29, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge